**Donald WHITE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–85–525.**

Court of Criminal Appeals of Oklahoma.

June 9, 1988.

Gloyd McCoy, Asst. Appellant Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Donald White, appellant, was charged and tried by jury in the District Court of Lincoln County, Case No. CRF–84–73, for the offense of Shooting With Intent to Kill on two counts. The jury returned a verdict of guilty for the lesser included offenses of one count of Assault and Battery in violation of 21 O.S.1981, § 641, and one count of Assault and Battery With a Dangerous Weapon in violation of 21 O.S.1981, § 645. Punishment was set at thirty (30) days in the county jail plus court cost of $160.30 for count one. For count two punishment was set at five (5) years imprisonment plus $180.30 in court cost, and $250.00 for the victim's compensation fund. The sentences

are to run consecutively, and the appellant appeals.

The relevant facts of this case are as follows. Both the appellant and the two complaining witnesses were fishing on a farm pond near Chandler, Oklahoma. The owner of the property had left a rowboat on the pond for use by the various visitors to the pond. Both the appellant and the two complaining witnesses had permission to use the property as well as the boat. At about 4:30 p.m. on July 12, 1984, the appellant was in or near the rowboat. On that same day the complaining witnesses, a father and his adult son, had been using the boat. They had abandoned the boat temporarily, but had intentions of returning. They testified that they had left some of their equipment in the boat. When they returned later they found the appellant near the boat. The father told the appellant that he could not use the boat. The father stated that he and his son had been using the boat and that they intended to continue to use it. The appellant questioned their authority, but relinquished the boat without further argument. The father testified that the appellant mumbled something as he left. Nothing else was said or occured until later.

The appellant testified to much the same story except for one major point. According to the appellant's testimony he was threatened with a pistol by the complaining witnesses. The appellant testified that after he gave up the boat he went home. At his home the appellant got a shotgun. He then returned to the pond armed with the shotgun.

The witnesses testified that they heard someone shout "you son-of-a-bitch, I'm going to kill you." Both complaining witnesses were then struck with three or more pellets from a single shotgun blast.

Though the witnesses did not see who had actually shot them, they did see the appellant with a shotgun. The appellant also admitted to the shooting, but stated it had been accidental.

In his first assignment of error the appellant claims that the five year sentence for Assault and Battery With a Dangerous Weapon was excessive. We disagree. In *Johnson v. State*, 386 P.2d 336 (Okl.Cr. 1963), this Court held "excessiveness of punishment must be determined by a study of the facts and circumstances in each case, and we do not have the power to modify sentence, unless it shocks the conscience of this Court." The sentence in this case is well within the statutory limit and does not shock the conscience of the Court. For this reason we find this assignment of error without merit.

In his second assignment of error the appellant seeks a modification of the judgment and sentence to exclude the imposition of court costs. The trial court is authorized by law to assess fines and court costs against a defendant. 28 O.S.1981, § 101.

As stated, this Court is powerless to modify a judgment and sentence unless the sentence is such as to shock the conscience of this Court. The imposition of court costs in this case does not shock the Court's conscience. Furthermore, the court costs assessed against the appellant do not have to be paid until after the appellant is released from imprisonment. At that time any questions of indigence may be raised. For this reason we find the appellant's second assignment of error without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.